106 N.J. Super. 55 (1969)
254 A.2d 137
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANIEL D. RICHARDS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided June 4, 1969.
*56 Mr. John A. Petillo, Assistant Prosecutor, for the State of New Jersey (Mr. Vincent P. Keuper, Monmouth County Prosecutor).
Mr. Daniel D. Richards, pro se.
Pindar, McElroy, Connell, Foley and Geiser, Attorneys for New Jersey Highway Authority, amicus curiae (Mr. Peter D. Manahan on the brief).
McGANN, J.C.C.
Defendant appeals from a conviction in the Holmdel Township Municipal Court of failing to pay a toll on the Garden State Parkway in violation of Article 1.3.1 of the Regulations Governing the Use of the Garden State Parkway adopted by the New Jersey Highway Authority.
The undisputed facts are as follows: On April 12, 1968, at about 10 A.M., defendant was operating his vehicle in a southerly direction on the Parkway. He had three passengers with him. He left the Parkway at the Red Hill Road exit in Holmdel Township. A ramp-type toll collecting area has been established by the Authority at this point and a toll charge of 10¢ had been set for vehicles leaving the Parkway at that exit. As he approached the toll booth defendant brought his *57 vehicle to a stop. There was no toll collector on duty but there was a basket-type collection device with signs displayed indicating that the 10¢ toll be deposited therein. There was also a sign bearing this legend:
"Patrons without change please use envelope."
Parkway self-addressed envelopes were available. Postage had to be affixed by the user. (If defendant had taken an envelope he would have found therein a card which, among other items, bears the message "This return envelope is furnished as a convenience to motorists not having change to pay toll. Kindly attach amount shown at right. Thank you. Mail payment within 10 days or give to a Toll Collector.") There is no warning to the motorists that failure to take an envelope will result in a violation of the law.
Defendant did not have 10¢ in change, although he had currency in larger denominations. He asked his passengers if they had change. They did not. He then drove ahead without taking an envelope which he knew was available.
Hidden inside the toll booth was a security inspector employed by the Authority. Noting that defendant had neither paid the toll nor taken an envelope he radioed a description of the vehicle to a New Jersey State Police car stationed by pre-arrangement at the end of the exit ramp. A summons and complaint for the violation was issued to defendant. (I find that had defendant taken an envelope no prosecution would have ensued  even if he had subsequently discarded the envelope.)
After the de novo hearing on the appeal an opportunity was given to defendant and to the State to submit briefs. The court also requested the New Jersey Highway Authority to file a brief amicus curiae.
The New Jersey Highway Authority, which operates the Garden State Parkway, is a legislative creation. Its powers are limited by the legislative grant. State v. Hubschman, 81 N.J. Super. 452 (Cty. Ct. 1963).
*58 Statutory authority for the charging of tolls may be gleaned from the following.
N.J.S.A. 27:12B-5:
"The Authority shall be a body corporate and politic and shall have perpetual succession and shall have the following powers:

* * * * * * * *
(i) To fix and revise from time to time and charge and collect tolls or other charges for transit over or use of any project acquired or constructed by it;
(j) To establish and enforce rules and regulations for the use of any project;

* * * * * * * *
(s) To do all acts and things necessary or convenient to carry out the powers and duties expressly provided in this act.

* * * * * * * *"
N.J.S.A. 27:12B-14:
"The Authority is hereby authorized to fix, revise, charge and collect tolls and charges for the use of each project. * * *"
N.J.S.A. 27:12B-18:
"(a) No vehicle shall be permitted to make use of any project except upon the payment of such tolls as may from time to time be prescribed by the Authority. It is hereby declared to be unlawful for any person to refuse to pay or to evade or to attempt to evade the payment of such tolls.

* * * * * * * *
(1) Except as provided in paragraph (j) or (k) of this section, any violation of any of the provisions of this section, including but not limiting to those regarding the payment of tolls, and any violation of any regulation adopted by the Authority under the provisions of this section shall be punishable by a fine not exceeding two hundred dollars ($200.00) or by imprisonment not exceeding thirty days or by both such fine and imprisonment. * * *
(m) In any prosecution for violating a regulation of the Authority adopted pursuant to the provisions of this section, copies of any such regulation when authenticated under the seal of the Authority by its secretary or assistant secretary shall be evidence in like manner and equal effect as the original.

* * * * * * * *"
*59 After the hearing on the appeal the court, sua sponte, requested and received a certified copy of the Regulations Governing Use of the Garden State Parkway. These regulations are available on request to motorists using the Parkway. State v. Hubschman, supra, at p. 456. Among those regulations is Article 1.3.1, applicable to the instant case:
"Tolls. It is hereby declared to be unlawful for any person to refuse to pay, or to evade the payment of tolls. Tolls shall be paid for the passage of all vehicles on the Parkway in amounts and at the locations designated in the following schedule."
The Holmdel toll area is designated in the schedule referred to as a ramp-type area with a toll of 10¢ for passenger vehicles.
It is to be noted that there is no statutory or regulatory exposition of the manner in which tolls are to be collected. The court takes judicial notice that the Authority collects tolls in the "barrier"-type toll areas by means of toll collectors or automatic machines. There are personnel on duty at all hours for the purpose of making change in addition to collecting the tolls. Some "ramp"-type toll areas do not have personnel on duty at all hours of the day. The Authority has adopted the practice, where the toll booth is unmanned, of seeking to collect tolls in the manner testified to in this case.
As a matter of contract law there is no question but that the motorist is liable for payment of the toll. Nicholson v. Williamstown & Good Intent Turnpike Co., 28 N.J.L. 142 (Sup. Ct. 1859). The issue here is whether the Authority may enforce the payment of tolls by means of a quasi-criminal prosecution.
Defendant directs his argument to the statutory language contained in N.J.S.A. 27:12B-18(a). That language is incorporated in Article 1.3.1, except that the words "or attempt to evade" are omitted. Specifically, defendant argues that he never refused to pay since no one ever asked him. He argues that he would have been quite willing to pay if the *60 Parkway had provided someone to make change; that he did not evade or attempt to evade payment; that he simply did not pay.
The Authority has adopted no regulation that motorists must at all times carry with them exact change for payment of tolls or run the risk of prosecution. If a motorist should suddenly become aware that he had no money with him after entering upon the Parkway and so informed an attendant at a toll booth, it could not reasonably be conceived that a complaint such as this would issue against him. If that be so, this case, from the motorist's point of view, is even stronger. On the proofs, not only did defendant have money, but was quite willing to pay the toll. The Authority's position in essence is this, i.e., at an unmanned toll booth, if the motorist does not take an envelope (not having deposited the toll), he is to be deemed evading or attempting to evade payment. That proposition defies logic. Under the Authority's practice, if a motorist really desired to evade payment of a toll  with impunity  he need simply take an envelope each time he passed through an unmanned toll area!
The fact is that the Authority has passed no regulation requiring the payment by motorists of tolls at unmanned areas according to the fashion which has been adopted. Defendant is being prosecuted for failure to comply with a procedure allegedly encompassed by a regulation which makes no mention of that procedure.
Cases cited by the amicus as being analogous, involving prosecutions for failure to deposit coins in parking meters, are not analogous. The motorist always has free choice whether to park or not. Let us suppose however that there was a prosecution for failure to deposit the amount required in a municipal parking meter. Let us suppose that the municipality never adopted an ordinance authorizing the installation of the meters even though it had the statutory right to do so under its traffic regulating powers. R.S. 39:4-197 (l)(f); Board of Commissioners of City of Newark v. Local *61 Government Board, 133 N.J.L. 513 (Sup. Ct. 1945). That would be an analogous situation and a conviction in this case can no more be sustained than it could be in the hypothetical situation proposed.
Under the facts of this case I find that defendant neither refused, evaded nor attempted to evade the payment of the toll. The judgment of conviction is accordingly reversed.